

**RIMAC MARTIN, P.C.**
JOSEPH M. RIMAC - State Bar No. 72381
ANNA M. MARTIN - State Bar No. 154279
1051 Divisadero Street
San Francisco, California 94115
Telephone (415) 561-8440
Facsimile (415) 561-8430

Attorneys for Defendants
UNUM LIFE INSURANCE COMPANY OF AMERICA;
THOMAS WEISEL PARTNERS, LLC LONG TERM
DISABILITY PLAN

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK STEPHAN,<br><br>        Plaintiff,<br><br>    vs.<br><br>THOMAS WEISEL PARTNERS, LLC (Long-Term Disability Plan) and UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>        Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT** |

**TO THE JUDGE OF THE UNITED STATES DISTRICT COURT AND TO PLAINTIFF**

**MARK STEPHAN AND HIS ATTORNEY OF RECORD:**

Defendants UNUM LIFE INSURANCE COMPANY OF AMERICA and THOMAS

WEISEL PARTNERS, LLC (Long-Term disability Plan) ("defendants") hereby remove this

action from the California Superior Court for the County of San Francisco to the United States

District Court for the Northern District of California  pursuant to 28 U.S.C. §§ 1331 and 1441,

and alleges as follows:

### I. <u>NATURE OF THE ACTION</u>

1.  On March 14, 2008, plaintiff filed the action entitled *Mark Stephan v. Thomas Weisel*

*Partners, LLC (Long-Term disability Plan) and Unum Life Insurance Company of America*, Case

NOTICE OF REMOVAL OF CIVIL ACTION TO
UNITED STATES DISTRICT COURT                                    CASE NO.

1  No. CGC-08-473342 ("the Complaint") in the Superior Court of the State of California, in and

2  for the County of San Francisco.

3      2.  A true and correct copy of all process and pleadings filed in the action in state court,

4  including the complaint and answer thereto, accompanying summons and all other case materials

5  received by the removing defendant are attached hereto collectively as **Exhibit A.**

6      3.  Plaintiff has alleged a claim against defendants for disability benefits, equitable and

7  injunctive relief, and other alleged monetary damages because of an alleged breach of a group

8  disability policy, Policy Number 537429 002 ("the policy"), issued by UNUM to Thomas Weisel

9  Partners, LLC, Long Term Disability Plan, the group policyholder.

10      4.  The United States District Court for the Northern District of California, San Francisco

11  Division, is a proper venue in that the action being removed was filed in the Superior Court of

12  the State of California, County of San Francisco.

13      **II.  TIMELINESS AND TECHNICAL REQUIREMENTS OF REMOVAL**

14      5.  UNUM was first served with process in this action on April 3, 2008, when a process

15  server delivered the summons and complaint to UNUM's agent for service of process.

16  Thomas Weisel Partners, LLC was first served with process in this action on March 27, 2008.

17      6.  This removal is timely under 28 U.S.C. Section 1446(b) in that removal is sought

18  within 30 days after service of the summons and complaint.

19      7.  Written notice of the filing of this Notice of Removal has been given to all adverse

20  parties and a copy is concurrently being filed with the Clerk of the Superior Court of the State of

21  California, County of San Francisco, in accordance with the provisions of 28 U.S.C. § 1446(d).

22      **III.  REMOVAL BASED ON SUBJECT MATTER JURISDICTION**

23      8.  This Court has original jurisdiction over the subject matter of this civil action

24  pursuant to ERISA, 29 U.S.C. § 1001, *et seq.*  The Policy is part of an employee welfare benefit

25  plan (the "Plan") within the meaning of 29 U.S.C. Section 1002(1).  The Plan is an employee

26  welfare benefit plan governed by the Employee Retirement Income Security Act, 29 U.S.C. §

27  1001, *et seq.* ("ERISA").  Plaintiff alleges that "Thomas Weisel Partners LLC is the Plan

28  Administrator and insured the Plan through the UNUM LIFE INSURANCE COMPANY OF

-2-

1   AMERICA under Policy Identification Number 357429 002 . . ." and that "The Plan was and is

2   an employee welfare benefit plan governed by the Employee Retirement Income Security Act, 29

3   U.S.C. § 1001 *et seq.*" (Plaintiff's Complaint, ¶¶ 2, 3). The enforcement of rights under the Plan

4   is governed exclusively by federal law under ERISA. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S.

5   41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

6          9.   Plaintiff seeks to recover benefits and to enforce rights under an employee benefit

7   plan purchased by THOMAS WEISEL PARTNERS, LLC. (Plaintiff's Complaint, Prayer, ¶ 1)

8          10. Plaintiff was a "participant" of the Plan as defined by ERISA, 29 U.S.C. § 1002(7).

9   (Plaintiff's Complaint ¶ 4). Indeed, plaintiff is receiving monthly disability benefits under the

10  Plan.

11         11. The District Courts of the United States have original jurisdiction over, and federal

12  law under ERISA controls actions brought to recover benefits and to enforce rights under

13  employee welfare benefit plans. 29 U.S.C. Section 1132(e)(1); *Pilot Life Ins. Co. v. Dedeaux*,

14  481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). Removal of such cases to federal court is

15  proper. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

16  ### IV.  REMOVAL BASED ON DIVERSITY OF CITIZENSHIP

17         12. This is a civil action over which this Court has jurisdiction under the provisions of 28

18  U.S.C., § 1332, and is one which may be removed pursuant to the provisions of 28 U.S.C., §

19  1442(b) in that it is a civil action between citizens of different states and the matter in

20  controversy exceeds the sum of $75,000, exclusive of interest and costs, as set forth more fully

21  below.

22         13. UNUM is informed and believes, and on that basis alleges, that plaintiff is, and at all

23  relevant times was, a resident and citizen of the State of Illinois.

24         14. UNUM is, and at the time of the filing of this action was, a citizen of the State of

25  Maine, incorporated in the State of Maine and having its principal place of business in Portland,

26  Maine.

27         15.    This Court's jurisdictional minimum of an amount in controversy in excess of

28  $75,000 is satisfied as follows:

-3-

NOTICE OF REMOVAL OF CIVIL ACTION TO
UNITED STATES DISTRICT COURT                                      CASE NO.

1         (a)  By filing the complaint in Superior Court, plaintiff represents that he is

2  entitled to recover damages in excess of the minimum superior court jurisdictional threshold of

3  $50,000.

4         (b)  Plaintiff seeks to recover an additional $10,000 per month in disability

5  benefits under the policy.  The policy benefits at issue in this action are in excess of $75,000 in

6  that plaintiff seeks judgment against defendants, for, among other things, past and future

7  disability insurance benefits.  Specifically, plaintiff claims that he was entitled to benefit

8  payments of $20,000 per month instead of the $10,000 per month he received, from "November

9  9, 2007, together with interest thereon" (Plaintiff's Complaint, ¶ 15).

10        (c)  The amount of past disability benefits to which plaintiff claims he is

11  entitled to and continues to be entitled to, at a rate of $10,000 per month, exceeds, or will exceed,

12  the $75,000 jurisdictional minimum at the time of trial of this matter.  Plaintiff alleges that "At

13  the time of his injury, Plaintiff was employed pursuant to a contract of employment that provided

14  him base compensation of $200,000 per year and a guaranteed bonus of $300,000 per year."

15  (Plaintiff's Complaint, ¶ 8).  Plaintiff further alleges that "In calculating benefits, Unum took into

16  consideration only the base salary and disregarded the guaranteed bonus . . ." (Plaintiff's

17  Complaint, ¶ 11).

18        (d)  Plaintiff claims he is entitled to attorney's fees in amount to be determined

19  (Complaint, prayer ¶ 4).   The possible attorney's fees recoverable by plaintiff should likewise be

20  included in determining the amount in controversy.  *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365,

21  1367 (9th Cir. 1982).

22                     Respectfully submitted,

23                     RIMAC & MARTIN, P.C.

24  DATED:  April 11, 2008    By:

25                     ANNA M. MARTIN

26                     Attorneys for Defendants
UNUM LIFE INSURANCE COMPANY OF AMERICA

27                     and THOMAS WEISEL PARTNERS, LLC LONG TERM
DISABILITY PLAN

28

NOTICE OF REMOVAL OF CIVIL ACTION TO
UNITED STATES DISTRICT COURT           CASE NO.

# EXHIBIT A

PLD-C-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS):
ANNA M. MARTIN - SBN 154279
RIMAC MARTIN P.C.                    TELEPHONE: (415) 561-8440
1051 Divisadero Street           Fax (415) 561-8430
San Francisco, CA 94115

ATTORNEY FOR (NAME): Defendants UNUM LIFE INS. CO. OF AMERICA;
THOMAS WEISEL PARTNERS, LLC LONG TERM DISABILITY PLAN

Insert name of court, judicial district or branch court, if any, and post office and street address:
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
400 McAllister Street
San Francisco, CA  94102

FOR COURT USE ONLY

ENDORSED
FILED
Superior Court of California
County of San Francisco

APR 11 2008

GORDON PARK-LI, Clerk
BY: _____
WESLEY RAMIREZ
Deputy Clerk

PLAINTIFF:

MARK STEPHAN

DEFENDANT:

THOMAS WEISEL PARTNERS, LLC (Long-Term disability Plan) and UNUM LIFE
INSURANCE COMPANY OF AMERICA

| **ANSWER - Contract** | CASE NUMBER: |
|---|---|
| | CGC-08-473342 |

[X] TO COMPLAINT OF (name): MARK STEPHAN
[ ] TO CROSS-COMPLAINT OF (name):

1. This pleading, including attachments and exhibits, consists of the following number of pages: 4

2. DEFENDANTS (name):
   UNUM LIFE INSURANCE COMPANY OF AMERICA; THOMAS WEISEL PARTNERS LLC LONG TERM DISABILITY PLAN
   answers the complaint or cross-complaint as follows:

3. Check ONLY ONE of the next two boxes:
   a. [X] Defendant generally denies each statement of the complaint or cross-complaint. *(Do not check this box if the verified complaint or cross-complaint demands more than $1,000.)*
   b. [ ] Defendant admits that all of the statements of the complaint or cross-complaint are true EXCEPT:
      (1) Defendant claims the following statements are false *(use paragraph numbers or explain)*:

[ ] Continued on Attachment 3.b.(1).

      (2) Defendant has no information or belief that the following statements are true, so defendant denies them *(use paragraph numbers or explain)*:

[ ] Continued on Attachment 3.b.(2).

If this form is used to answer a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Form Approved for Optional Use
Judicial Council of California
PLD-C-010 [Rev. January 1, 2007]
WWW.ATFORMS.COM  1-800-617-4202

**ANSWER—Contract**

Page 1 of 2
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-C-010

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| STEPHAN v. UNUM | CGC-08-473342 |

## ANSWER - Contract

4. [X]    AFFIRMATIVE DEFENSES Defendant alleges the following additional reasons that plaintiff is not
entitled to recover anything:

FIRST AFFIRMATIVE DEFENSE
    1. Plaintiff's purported claims for relief fail to state facts sufficient to
state a claim upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE
    2. Plaintiff's recovery, if any, is limited by the terms, conditions,
limitations, exclusions and other provisions of the Plan.

THIRD AFFIRMATIVE DEFENSE
    3. Plaintiff's claims against UNUM arise solely under ERISA.  Therefore,
plaintiff's rights and remedies are limited solely to those afforded under ERISA.

FOURTH AFFIRMATIVE DEFENSE
    4. Plaintiff's claims are barred, in whole or in part, by the doctrine of
unclean hands.

FIFTH AFFIRMATIVE DEFENSE
    5. Plaintiff has failed to mitigate his alleged damages, if any.


[X] Continued on Attachment 4.

5. [   ]  Other:




6.  DEFENDANT PRAYS
a.  that plaintiff take nothing.

b.  [X]  for costs of suit.

c.  [X]  other (specify):

For such further relief as this Court deems appropriate.




ANNA M. MARTIN
        (Type or print name)

                                        (Signature of party or attorney)

## ATTACHMENT 4 TO ANSWER TO COMPLAINT
*Mark Stephan v. Unum Life Insurance Company of America, et al.*
San Francisco Superior Court Case No. CGC-08-473342

**SIXTH AFFIRMATIVE DEFENSE**
6.     Plaintiff's claims are barred, in whole or in part, to the extent that plaintiff has failed to perform all of his obligations under the Long Term Disability Plan at issue.

**SEVENTH AFFIRMATIVE DEFENSE**
7.     The decision on plaintiff's claim was neither arbitrary nor capricious.

**EIGHTH AFFIRMATIVE DEFENSE**
8.     No act or omission of UNUM constitutes the proximate or legal cause of any of plaintiff's damages, if any, because, amongst other things, the terms of the Plan do not allow for payment of the claimed benefits beyond those benefits already paid.

**NINTH AFFIRMATIVE DEFENSE**
9.     Plaintiff's conduct bars, estops and/or constitutes a waiver of the claims asserted in plaintiff's complaint.

**TENTH AFFIRMATIVE DEFENSE**
10.     Plaintiff's complaint fails to state facts sufficient to entitle plaintiff to an award of attorneys' fees under ERISA.

**ELEVENTH AFFIRMATIVE DEFENSE**
11.     While denying any liability to plaintiff, there is no "vesting" of benefits under the policy, and any claim for benefits based on an alleged continuing disability must be supported by proof of such continuing disability.  Benefits cannot be awarded prospectively.

**TWELFTH AFFIRMATIVE DEFENSE**
12.     UNUM Life Insurance Company of America is an improper defendant in that ERISA permits suits to recover benefits only against the Plan as an entity.  *Ford v. MCI Communications Corp. Health and Welfare Plan*, 337 F.3d 1076 (9th Cir. 2005)

**THIRTEENTH AFFIRMATIVE DEFENSE**
13.     ERISA does not provide for a jury trial.  *Neill v. Shell Oil Co.*, 835 F.2d 209 (9th Cir. 1987); *Beau v. Del Monte Corp.*, 748 F.2d 1348 (9th Cir. 1984), *cert. denied*, 474 U.S. 865 (1985).

**FOURTEENTH AFFIRMATIVE DEFENSE**
14.     Plaintiff failed to exhaust his administrative remedies as required by ERISA.

# PROOF OF SERVICE BY MAIL

I am employed at Rimac & Martin, 1051 Divisadero Street, San Francisco, California 94115. I am over the age of 18 years and am not a party to this action.

On April 11, 2008, I served the within **ANSWER - CONTRACT** on the interested parties hereto by placing said document in a sealed envelope with first class postage fully prepaid thereon, and depositing same with the U.S. Postal Service at San Francisco, California, addressed as follows:

Terrence J. Coleman, Esq.
Brian H. Kim, Esq.
PILLSBURY & LEVINSON, LLP
600 Montgomery Street, 31st Floor
San Francisco, CA 94111

Mark D. DeBofsky, Esq.
DALEY, DeBOFSKY & BRYANT
55 W. Monroe Street, Suite 2440
Chicago, IL 60603

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed April 11, 2008, at San Francisco, California.

Karl H. Plischke

Rimac & Martin, P.C.
1051 Divisadero Street
San Francisco, CA 94115
Tel. (415) 561-8440

1  Terrence J. Coleman    (State Bar No. 172183)
   Brian H. Kim           (State Bar No. 215492)
2  PILLSBURY & LEVINSON, LLP **I M A G E D**
   The Transamerica Pyramid
3  600 Montgomery Street, 31ˢᵗ Floor  MAR 1 7 2008
   San Francisco, California 94111
4  Telephone: (415) 433-8000
   Facsimile: (415) 433-4816
5  E-mail:  tcoleman@pillsburylevinson.com, bkim@pillsburylevinson.com

6
   Mark D. DeBofsky *Pro Hac Vice*
7  Daley, DeBofsky & Bryant
   55 W. Monroe St., Suite 2440
8  Chicago, Illinois 60603
   Telephone: (312) 372-5200
9  Facsimile: (312) 372-2778
   E-mail: mdebofsky@ddbchicago.com
10
11 Attorneys for Plaintiff
   MARK STEPHAN
12

13              SUPERIOR COURT OF CALIFORNIA

14              COUNTY OF SAN FRANCISCO

15

16 MARK STEPHAN,                    )   Case No.  **CGC-08-473342**
                                    )
17              Plaintiff,          )   **COMPLAINT FOR RECOVERY OF**
                                    )   **EMPLOYEE BENEFITS; BREACH**
18 v.                               )   **OF FIDUCIARY DUTY;**
                                    )   **EQUITABLE RELIEF;**
19 THOMAS WEISEL PARTNERS, LLC      )
20 (Long-Term Disability Plan) and UNUM )  **JURY TRIAL DEMANDED**
   LIFE INSURANCE COMPANY OF        )
21 AMERICA, ,                       )
                                    )
22              Defendants.         )
                                    )
23 ─────────────────────────────────)

24      Plaintiff alleges on information and belief as follows:

25                  **GENERAL ALLEGATIONS**

26      1.    Plaintiff MARK STEPHAN, is an individual currently residing in

27 the State of Illinois, who at all relevant times was residing in the State of Illinois.

28
                                    1

SUMMONS ISSUED
**F I L E D**
San Francisco County Superior Court
MAR 1 4 2008
GORDON PARK-LI, Clerk
BY: _____
                    Deputy Clerk

**CASE MANAGEMENT CONFERENCE SET**

AUG 1 5 2008 - 9ᵒᵒ AM

**DEPARTMENT 212**

1    2.      Defendant Thomas Weisel Partners LLC (Long Term Disability

2    Plan) ("Plan") is an employer-sponsored long-term disability income benefit

3    program based in Walnut Creek, California.   Thomas Weisel Partners LLC is the

4    Plan Administrator and insured the Plan through the UNUM LIFE INSURANCE

5    COMPANY OF AMERICA ("Unum") under Policy Identification Number

6    537429 002 (a true and correct copy of the Unum policy/Plan is attached hereto

7    and by that reference incorporated herein as Exhibit "A")

8    3.      The Plan was and is an employee welfare benefit plan governed by

9    the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA").

10   Unum was and remains the de facto plan administrator and a fiduciary of the

11   Plan.

12   4.      At all relevant times, Plaintiff was employed by Thomas Weisel

13   Partners LLC, an investment and securities company which is located in San

14   Francisco, California as a managing director, institutional sales.  At all material

15   times hereto, Plaintiff was insured under the Plan.  Under the Plan and

16   California law governing the definition of total disability, Unum promised, in

17   relevant part, to pay monthly benefits to Stephan in the event that he became

18   unable to perform with reasonable continuity the usual and customary duties

19   required of his occupation.

20   5.      At all material times herein, Plaintiff complied with all the material

21   provisions pertaining to the Plan and/or compliance was waived by Defendants.

22   6.      While the Plan was in full force and effect, Plaintiff became

23   disabled and entitled to benefits under the terms of the Plan as a result of, a C2

24   spinal cord injury following trauma which occurred on or about August 11, 2007.

25   Since the date of the accident Plaintiff has been, remains, and will be unable to

26   perform the substantial and material duties of his own or any gainful occupation.

27   ///

28
                                              2

7.    Shortly after becoming disabled, Plaintiff timely applied for disability benefits under the Plan, seeking benefits at the scheduled rate of 60% of monthly earnings.

8.    At the time of his injury, Plaintiff was employed pursuant to a contract of employment that provided him base compensation of $200,000 per year and a guaranteed bonus of $300,000 per year.  The terms and conditions of Plaintiff's employment made it clear that "Although bonuses are generally discretionary, you will be guaranteed $300,000 bonus for your first 12 months of employment."

9.    Pursuant to Plaintiff's contract of employment, the Plan Administrator paid him $16,667 per month and accrued and recorded a compensation expenses attributable to the bonus of $17,500 per month plus an additional $2,420 per month attributable to restricted stock units that were payable to Plaintiff as part of his bonus.

10.    Accordingly, the Plan Administrator confirmed Plaintiff's monthly earnings at the time of his accident at a rate of $36,566.  As further corroboration, the Plan Administrator paid Plaintiff in 2007 both the salary and bonus to which he was contractually entitled; and his 2007 Form W-2 reflects said payments.

11.    After Plaintiff submitted his claim for benefits, Unum agreed without reservation that Plaintiff met the Plan's definition of "disabled." However, although Plaintiff's monthly earnings qualified him to receive benefits at the maximum rate of $20,000 per month, Unum approved only $10,000 per month.  In calculating benefits, Unum took into consideration only the base salary and disregarded the guaranteed bonus, contrary to the policy requirements and the Plan's definition of monthly earnings, which states:

1.  Multiply your monthly earnings by 60%.

2.  The maximum **monthly benefit** is $20,000.

COMPLAINT FOR RECOVERY OF EMPLOYEE BENEFITS;
BREACH OF FIDUCIARY DUTY; EQUITABLE RELIEF

3. Compare the answer from Item 1 with the maximum monthly benefit. The lesser of these two amounts is your **gross disability payment.**

4. Subtract from your gross disability payment any **deductible sources of income.**

Policy at LTD-BEN-2.

The policy then defines "Monthly Earnings" as "your average gross monthly income as figured:

a. from the income box on your W-2 form which reflects wages, tips and other compensation received from your Employer for the two (2) calendar years just prior to your date of disability; or
b. for the period of your employment with your Employer if you have been employed less than two (2) full calendar years prior to your date of disability.

Average gross monthly income is your total income before taxes. It is prior to any deductions made for pre-tax contributions to a qualified deferred compensation plan, Section 125 plan, or flexible spending account. It does not income income received from car, housing or moving allowances, Employer contributions to a qualified deferred compensation plan, or income received from sources other than your Employer."

Policy at LTD-BEN-2.

12. Following Unum's refusal to pay the full amount of benefits due, Plaintiff timely appealed and provided additional and overwhelming evidence in support of Plaintiff's claim for the full $20,000 per month benefit payment including memoranda and documentation from the Plan Administrator corroborating Plaintiff's income, copies of payment records and Form W-2, as well as an analysis performed by an accountant, Carol Poulin, who had worked as the Director of Financial Assessment at Unum during the 1990's (a true, complete and accurate copy of Plaintiff's appeal (redacting personal identifying information) is attached hereto and by that reference incorporated herein as Exhibit "B").

///

4

COMPLAINT FOR RECOVERY OF EMPLOYEE BENEFITS;
BREACH OF FIDUCIARY DUTY; EQUITABLE RELIEF

13.    Despite the evidence and argument submitted, which included a determination by the Plan Administrator that Plaintiff's monthly earnings included an aggregation of his guaranteed bonus payments, Unum denied Plaintiff's appeal, thus exhausting all pre-suit remedies available to the Plaintiff.

14.    As a direct and proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff suffered damages as outlined below.

15.    As the result of the actions of Defendants, and each of them, Plaintiff has been improperly denied $10,000 per month in disability benefits due since November 9, 2007, together with interest thereon and has suffered further and severe economic hardship and emotional distress.

16.    As a further result of the actions of Defendants, and each of them, Plaintiff has been required to engage the services of legal counsel for the purpose of obtaining his insurance benefits.

## FIRST CAUSE OF ACTION

### Recovery Of Employee Benefits
### (Against all Defendants; 29 U.S.C. § 1132(a)(1)(B))

17.    Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 16 of this Complaint as though fully set forth herein.

18.    At all relevant times, Plaintiff was insured under the Plan and Defendants were responsible for the administration and handling of Plaintiff's benefits.

19.    At all material times herein, Plaintiff has complied with all the material provisions pertaining to the Plan, and/or compliance has been waived or Defendants are estopped from asserting non-compliance.

20.    While the Plan was in full force and effect, Plaintiff became and remains totally disabled and entitled to receive benefits under the Plan at the rate of $20,000 per month.

5

COMPLAINT FOR RECOVERY OF EMPLOYEE BENEFITS;
BREACH OF FIDUCIARY DUTY; EQUITABLE RELIEF

21.    Contrary to the evidence and argument presented, Unum has refused to pay the full amount of benefits due, and has refused and continues to refuse to make full disability payments to Plaintiff in the appropriate amount due. Plaintiff appealed Unum's termination of benefits and exhausted his administrative remedies. The appeal was denied by Unum on February 22, 2008.

22.    Defendants' refusal to pay Plaintiff benefits violates the terms of the Plan, and Defendants' actions in administering Plaintiff's claim and in denying benefits were wrongful, arbitrary and capricious. At all material times herein, Defendants, and each of them, failed and refused to honor the Plan. Defendants are therefore liable for all benefits due under the Plan and Unum's policy, which have been improperly reduced. Moreover, Plaintiff's physical condition is expected to prevent him from returning to work in any capacity whatsoever for the duration of the policy's maximum benefit period; i.e., until the plaintiff reaches the age of 65.

23.    As a proximate result of Defendants' actions, Plaintiff has been deprived of his disability benefits to which he was and is entitled and has suffered damage as set forth above. Plaintiff further seeks a declaration as to his entitlement to future benefits, to wit:  an injunction prohibiting Defendants from terminating or reducing his benefits until the end of the maximum benefit period subject only to offset for Social Security disability benefit payments, in the event such payments are made, or such other declaration the Court deems proper.

## SECOND CAUSE OF ACTION

### Equitable Relief
### (Against UNUM; 29 U.S.C. §1132(a)(3))

24.    Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 23 of this Complaint as though fully set forth herein.

///

6

25.    At all material times herein, Defendants, and each of them, were fiduciaries with respect to their exercise of authority over the management of the Plan, disposition of Plan assets, and administration of the Plan.

26.    Plaintiff asserts a breach of fiduciary duty against Unum as an individual Plan participant and on behalf of all other the participants and beneficiaries of the Plan.

27.    Plaintiff asserts that a claim for benefits due under the Plan does not provide him with an adequate remedy at law in light of Unum's continuing course of conduct in violating the terms of the Plan and applicable law as described below.

28.    Defendants, and each of them, were obliged to discharge their duties solely in the interests of beneficiaries and participants for the exclusive purpose of providing beneficiaries and participants with all benefits due, defraying reasonable expenses of the Plan, using all prudent skill and diligence in accordance with the documents and instruments governing the Plan.

29.    At all material times herein, Defendants, and each of them, violated these duties by, *inter alia*, the following:

    A.    Consciously, unreasonably and intentionally and without justification denying full payment due for Plaintiff's claim for disability benefits, despite knowledge that Plaintiff and similarly situated claimants qualify for such benefits under the terms and conditions of his compensation agreement;

    B.    Consciously and unreasonably delaying and withholding full payment of benefits due;

    C.    Consciously and unreasonably failing to investigate all bases upon which to pay and honor Plaintiff's claim, and related claims and/or similar claims, for benefits and consciously

7

1    and unreasonably failing to investigate all bases to support

2    coverage, fairly and in good faith and refusing to give

3    Plaintiff's interests or the interests of the Plan at least as

4    much consideration as they gave their own;

5    D.    Consciously and unreasonably asserting improper bases for

6          denying full payment of Plaintiff's claim, and related claims

7          and/or similar claims, for disability benefits;

8    E.    Consciously and unreasonably delaying, refusing, and

9          continuing to refuse to pay Plaintiff benefits, and related

10         claims and/or similar claims for benefits, properly payable

11         under the Plan and to deprive Plaintiff of the full amount of

12         rightful benefits with the knowledge that said delays and

13         denials were and are wrongful and contrary to their

14         obligations under the Plan and the law, including

15         intentionally failing to apply the correct definition of

16         monthly earnings to all of the Plan participants to whom

17         that definition applies;

18   F.    Consciously and unreasonably failing to adopt and

19         implement reasonable or proper standards applicable to the

20         prompt and fair investigation, processing and adjudication

21         of Plaintiff's claim, and related claims and/or similar claims,

22         under the Plan;

23   G.    Consciously and unreasonably interpreting the Plan in a

24         manner designed to deny and minimize benefits and in a

25         manner which thwarts the reasonable expectations of the

26         Plan's beneficiaries and participants in order to maximize its

27         own profits and minimize the benefits it pays claimants;

28

8

COMPLAINT FOR RECOVERY OF EMPLOYEE BENEFITS;
BREACH OF FIDUCIARY DUTY; EQUITABLE RELIEF

1        H.       Consciously and unreasonably refusing to pay Plaintiff's

2                   claim, and related claims and/or similar claims, with the

3                   knowledge that Plaintiff's claim and similar claims are

4                   payable and with the intent of boosting profits at Plaintiff's

5                   and other claimants' expense; and

6        I.        Consciously and unreasonably failing to follow the terms of

7                   the Plan and applicable regulations governing the

8                   administration of claims, the review of denied claims, and

9                   required production of relevant documents.

10      Plaintiff further alleges that Defendants, and each of them, have breached

11  their fiduciary duties by misapplying, misinterpreting and/or ignoring relevant

12  provisions of the Plan by, and hereby requests a judgment permanently

13  enjoining Defendants from interpreting the Plan in the following ways:

14        A.       From withholding benefits due in the full amount payable;

15                   and

16        B.       From obtaining input from biased financial consultants;

17        C.       Plaintiff further requests judgment permanently enjoining

18                   Defendants from ever again serving as a fiduciary with

19                   respect to the Plan, together with attorneys' fees and costs.

20      30.    In addition, Plaintiff seeks appropriate equitable relief from the

21  Defendants, and each of them, and seeks an order by this Court that the full

22  amount of benefits due since November 9, 2007 be paid with interest on all

23  retroactive payments due and owing, that Defendants be enjoined from

24  terminating benefits for the duration of the applicable maximum benefit period

25  under the Plan, and that he be placed in the position he would have been in had

26  he been paid the full amount of benefits to which he is entitled, including,

27  ///

28

COMPLAINT FOR RECOVERY OF EMPLOYEE BENEFITS;
BREACH OF FIDUCIARY DUTY; EQUITABLE RELIEF

1    without limitation, interest, attorneys fees and other losses resulting from

2    Defendants' breach.

3         WHEREFORE, Plaintiff prays as follows:

4         1.    For a determination that Plaintiff is entitled to receive benefits

5    under the Plan and an injunction mandating the payment of benefits to Plaintiff

6    for the maximum benefit period under the Plan;

7         2.    For damages according to proof;

8         3.    For general damages according to proof;

9         4.    For attorneys' fees and costs of suit incurred herein;

10        5.    For interest;

11        6.    For equitable and injunctive relief as set forth above; and

12        7.    For such other and further relief as the Court may find appropriate.

13                  **JURY TRIAL IS HEREBY DEMANDED**

14

15   DATED: March 14, 2008          PILLSBURY & LEVINSON, LLP

16

17

18                               By: _____

19                                  Terrence J. Coleman
                                    Attorneys for Plaintiff

20                                  MARK STEPHAN

21   *Of Counsel*

22   **Mark D. DeBofsky**

23

24

25

26

27

28

COMPLAINT FOR RECOVERY OF EMPLOYEE BENEFITS;
BREACH OF FIDUCIARY DUTY; EQUITABLE RELIEF

**PROOF OF SERVICE BY MAIL**

I am employed at Rimac & Martin, 1051 Divisadero Street, San Francisco, California 94115. I am over the age of 18 years and am not a party to this action.

On April 11, 2008, I served the within **NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT; DEFENDANTS' CERTIFICATION OF INTERESTED PERSONS OR ENTITIES; CIVIL COVER SHEET** on the interested parties hereto by placing said document in a sealed envelope with first class postage fully prepaid thereon, and depositing same with the U.S. Postal Service at San Francisco, California, addressed as follows:

Terrence J. Coleman, Esq.
Brian H. Kim, Esq.
PILLSBURY & LEVINSON, LLP
600 Montgomery Street, 31st Floor
San Francisco, CA 94111

Mark D. DeBofsky, Esq.
DALEY, DeBOFSKY & BRYANT
55 W. Monroe Street, Suite 2440
Chicago, IL 60603

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed April 11, 2008, at San Francisco, California.

Karl H. Plischke

Rimac & Martin, P.C.
1051 Divisadero Street
San Francisco, CA 94115
Tel. (415) 561-8440

**PROOF OF SERVICE BY MAIL**         Case No.  CGC-080473342